**Donald D. duBoulay**
Attorney at Law

Telephone: (212) 966-3970
Fax:          (212) 941-7108
E-mail:     dondubesq@aol.com

305 Broadway, Suite 602
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/25

April 29, 2025

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: United States v. Matthew Vasquez
    17 Cr. 512 (KMW)

Dear Judge Wood:

    I write on behalf of Matthew Vasquez, and at the suggestion of the Probation department to respectfully request that the three-year term of supervised release imposed upon Mr. Vasquez at his sentencing on June 17, 2019, be terminated.

    Mr. Vasquez was sentenced pursuant his conviction for conspiring to distribute cocaine, pursuant to 18 U.S.C. 846 to 83 months of incarceration, and three years of supervised release.

    Ms. Vasquez commenced his term of supervised release on February 15, 2023, and supervision is scheduled to terminate on February 14, 2026. Mr. Vasquez has been on supervised release for more than two years and is at the lowest level of supervision. I am informed by his Probation officer that he is a model supervisee, that he has successfully completed substance abuse treatment, is employed and is current with his child support payments.

    As noted, the probation officer supports this application.

**The Legal Standard Applicable to Termination of Supervised Release**

    Pursuant to 18 U.S.C. §3583, the Court is permitted to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release" when "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). The decision to terminate a term of supervised release early is firmly within the Court's discretion, and requires "consider[ation of] the relevant 18 U.S.C. §3583(a) sentencing factors" to ensure that termination is appropriate in light of its purpose. *United States v. Parisi*, 821 F.3d 343 (2d Cir. 2016).

As the Supreme Court recognized in *Johnson*, 529 U.S. at 709, the "degree of help needed for successful reintegration" will vary individual to individual, and therefore, the system of supervised release purposefully "departed from the parole system it replaced by giving district courts the freedom to provide post release supervision for those, and only those, who needed it," and gives to the district court the discretion "to allocate supervision to those releasees who need it most." *Johnson*, 529 U.S. at 709.

In order to vindicate these congressional aims, a district court retains the authority to "revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances . . . [that would] render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier* 104 F.3d 32, 36 (2d Cir. 1997).

In consideration of whether to terminate supervision early, changed circumstances and exceptionally good behavior are not a limit on a district court's statutorily granted authority to terminate supervision, if it is satisfied that such action is [1] warranted by the conduct of the defendant released and [2] [in] the interest of justice." *United States v. Trotter*, 2018 WL 3421313, at *13 (E.D.N.Y. July 12, 2018) (internal quotations omitted).

In *Parisi*, the Second Circuit clarified that, "when modifying supervised release conditions," the decision in *Lussier* "does not *require* new or changed circumstances . . . but simply recognizes that changed circumstances may in some instances justify a modification." *Parisi*, 821 F.3d at 347 (emphasis in original) ("[s]o long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. §3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant").

Mr. Vasquez, has served almost two and a half years of his three-year supervised release term. Thus, he is eligible for early termination pursuant to 18 U.S.C. §3583(e)(1), which permits termination at any time after the expiration of one-year supervised release.

*The Court grants the motion for early termination of supervised release; supervision is terminated.*

Respectfully submitted,
/s/
Donald duBoulay

cc: Margaret Graham, AUSA
    Alison C. Nichols AUSA
    Noah Joseph, USPO

SO ORDERED: N.Y., N.Y.  4/30/25

_____
KIMBA M. WOOD
U.S.D.J.